NO. 2010-51736

| | | |
|---|---|---|
| HORACIO BARRIOS AND JOSE JORGE BATRES<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| v. | § § | 125 JUDICIAL DISTRICT |
| GREAT AMERICAN ASSURANCE COMPANY AND BAYVIEW LOAN SERVICING, LLC<br>Defendants. | § § § § § | OF HARRIS COUNTY, TEXAS |

FILED
Loren Jackson
District Clerk
AUG 18 2010
Time: _____
Harris County, Texas
By _____ Deputy

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Horacio Barrios and Jose Jorge Batres, hereinafter called Plaintiffs, complaining of and about Great American Assurance Company and Bayview Loan Servicing, LLC, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Horacio Barrios, is an Individual whose address is a resident of Harris County, Texas.

3. Plaintiff, Jose Jorge Batres, is an Individual whose address is a resident of Harris County Texas.

4. Defendant Great American Assurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, CT Corporation System or any other agent/officer, at 350 N. Paul Street, Suite 2900, Dallas Texas 75201 or ANY other address may be found, its



EXHIBIT A

registered office. Service of said Defendant as described above can be effected by personal delivery or certified mail.

5. Defendant Bayview Loan Servicing, LLC, a Foreign Limited Liability Company with authority to conduct business in Texas, may be served with process by serving the registered agent of said company, CT Corporation System or any other agent/officer, at 350 N. Paul Street, Suite 2900, Dallas Texas 75201 or ANY other address may be found, its registered office. Service of said Defendant as described above can be effected by personal delivery or certified mail.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over Defendant Great American Assurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Great American Assurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiffs would show that Defendant Great American Assurance Company had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

9. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Great American Assurance Company to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

10. Furthermore, Plaintiffs would show that Defendant Great American Assurance Company

engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, said Defendant committed a tort in whole or in part in Texas, and said Defendant recruits or has recruited Texas residents for employment inside or outside this state.

11. This court has jurisdiction over Defendant Bayview Loan Servicing, LLC because said Defendant is a resident of the State of Texas.

12. Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

13. Plaintiffs are the owners and/or garuntors for the note of property with the common address of 1923 Main Street, Houston, Texas  77002.  The property was mortgaged through Defendant, Bayview Loan Servicing, LLC. and insured through Defendant, Great American Assurance Company.  Said building was damaged by Hurricane Ike, at which point the Plaintiffs contacted Defendant to make claim and subsequently repair damages to building. Defendant, Great American Assurance Company initially accepted liabilty on damages but after some time decided to deny claim.  Defendant, Bayview Loan Servicing, LLC is being uncooperative through out the entire claim process.

## DECEPTIVE TRADE PRACTICES

14. Plaintiffs would show that Defendants engaged in certain false, misleading and deceptive

acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow.

15. <u>Unconscionable Action or Course of Action</u>. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiffs as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

16. <u>Violations of Section 17.46(b)</u>. Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

    (a) caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    (b) caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

    (c) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    (d) advertised goods or services with intent not to sell them as advertised;

    (e) represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    (f) knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service;

    (g) misrepresented the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

(h) represented that a guarantee or warranty confers or involves rights or remedies which it does not have or involve;

(i) represented that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced;

(j) failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(k) passed off goods or services as those of another;

(l) used deceptive representations or designations of geographic origin in connection with goods or services;

(m) advertised goods or services with intent not to supply a reasonable expectable public demand; and

(n) took advantage of a disaster declared by the governor under Chapter 418, Government Code, by selling or leasing fuel, food, medicine, or another necessity at an exorbitant or excessive price, or by demanding an exorbitant or excessive price in connection with the sale or lease of fuel, food, medicine, or another necessity.

17. <u>Unfair Claim Settlement Practices</u>. Defendants engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(c) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion; and

(d) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

18. <u>Misrepresentation of Insurance Policy</u>. Defendants misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

(a) making an untrue statement of material fact.

19. <u>Unfair and Deceptive Acts or Practices</u>. Defendants also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a) either:

(1) making, issuing, or circulating, or causing to be made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued:

(A) the terms of the policy;

(B) the benefits or advantages promised by the policy; or

(C) the dividends or share of surplus to be received on the policy;

(2) making a false or misleading statement regarding the dividends or share of surplus previously paid on a similar policy;

(3) making a misleading representation or misrepresentation regarding:

(A) the financial condition of an insurer; or

    (B) the legal reserve system on which a life insurer operates;

  (4) using a name or title of a policy or class of policies that misrepresents the true nature of the policy or class of policies; or

  (5) making a misrepresentation to a policyholder insured by any insurer for the purpose of inducing or that tends to induce the policyholder to allow an existing policy to lapse or to forfeit or surrender the policy;

 (b) making, publishing, disseminating, circulating, or placing before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public in a newspaper, magazine, or other publication, or in the form of a notice, circular, pamphlet, letter, or poster, or over any radio or television station, or in any other manner an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business; and

 (c) making or permitting with respect to a life insurance or life annuity contract an unfair discrimination between individuals of the same class and equal life expectancy regarding:

  (1) the rates charged;

  (2) the dividends or other benefits payable; or

  (3) any of the other terms and conditions of the contract.

20. <u>DTPA Violations under Other Statute</u>. Plaintiffs would further show that Defendants engaged in false, misleading or deceptive acts as provided by the following "tie-in" statute: the ---.

21. <u>Producing Cause</u>. Plaintiffs would show that the acts, practices and/or omissions complained

of were the producing cause of Plaintiffs' damages more fully described hereinbelow.

22. <u>Reliance</u>. Plaintiffs would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiffs to Plaintiffs' detriment.

23. <u>Written Notice Given</u>. Plaintiffs have timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated April 9, 2010, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

24. Plaintiffs further show that Defendants made material false representations to Plaintiffs with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs, and that Plaintiffs relied on these representations to their detriment.

25. Plaintiffs would further show that Defendants concealed or failed to disclose material facts within the knowledge of Defendants, that Defendants knew that Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendants intended to induce Plaintiffs to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

26. As a proximate result of such fraud, Plaintiffs sustained the damages described more fully hereinbelow.

## FRAUD IN A REAL ESTATE TRANSACTION

27. Plaintiffs would further show that the false representations and/or promises of Defendants

constitute fraud in a real estate transaction as defined by Section 27.01 of the Texas Business and Commerce Code.

28. Plaintiffs are therefore entitled to recover from Defendants actual damages described more fully hereinbelow, reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court as provided by Section 27.01 of the Texas Business and Commerce Code.

## NEGLIGENCE

29. In the course of the transactions between Plaintiffs and Defendants, Defendants owed Plaintiffs a duty to ensure prompt inspection and payment for damages to building which were claimed and insured by Defendant.

30. Plaintiffs would show that Defendants failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendants described hereinabove by which Defendants breached such duty constitute a proximate cause of the damages of Plaintiffs described more fully hereinbelow, for which Defendants are liable to Plaintiffs.

## NEGLIGENT MISREPRESENTATION

31. Plaintiffs would show that Defendants supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendants have a pecuniary interest, and that such information was supplied by Defendants for the guidance of Plaintiffs in the transactions described hereinabove. Defendants failed to exercise reasonable care or competence in obtaining or communicating such information. Plaintiffs aver that Plaintiffs suffered pecuniary loss, described more fully hereinbelow, which was proximately caused by Plaintiffs' justifiable reliance on such information.

32. Plaintiffs therefore assert a cause of action for negligent misrepresentation against

Defendants, as provided by <u>Federal Land Bank Association of Tyler v. Sloane</u>, 825 S.W.2d 439 (Tex. 1991).

## SUIT ON SWORN ACCOUNT/EQUITABLE RELIEF

33. Plaintiff incorporates by reference paragraph 1 through 32 above.

34. Plaintiff says that Plaintiff and Defendants entered into a verbal agreement(s) whereby Defendants agreed finance and/or insure building and Plaintiffs would pay Defenants for said agreement. Plaintiffs have performed the contract and all conditions precedent to filing suit, but Defendants has breached the contract by failing to cover, pay for and/or aide in the repairs of the building which made basis of this suit. Further, Plaintiffs have acted in a commercially reasonable manner with respect to all acts of Defendants.

35. All conditions precedent have been performed or have occurred.

## BREACH OF CONTRACT

36. Plaintiffs would further show that the actions and/or omissions of Defendants described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiffs described hereinbelow, and for which Plaintiffs hereby sue.

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

37. Counter-Plaintiff/Defendant had a valid contract, Counter-Defendant/Plaintiff willfully and intentionally interfered with the contract, the interference was a proximate cause of the Counter-Plaintiff/Defendant's injury, and the Counter-Plaintiff/Defendant incurred actual damages or/and losses.

## ECONOMIC AND ACTUAL DAMAGES

38. Plaintiffs sustained the following economic and actual damages as a result of the actions

and/or omissions of Defendants described hereinabove:

    (a)    Out-of-pocket expenses,

    (b)    Loss of use.

    (c)    Cost of replacement.

    (d)    Loss of credit and damage to credit reputation.

    (e)    Interest and/or finance charges assessed against and paid by Plaintiffs.

    (f)    Loss of the "benefit of the bargain."

    (g)    Diminished or reduced market value.

    (h)    Costs of repairs.

    (i)    Remedial costs and/or costs of completion.

## DAMAGES FOR MENTAL ANGUISH

39. Plaintiffs would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

40. As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiffs hereby sue in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

41. As alleged hereinabove, Plaintiffs would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that

Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

42. Plaintiffs further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiffs act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

43. Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

44. Plaintiffs would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiffs. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs also seek recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code and by Section 27.01 of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

45. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 154.152(1) of the Texas Insurance Code; (c) Section 27.01(e) of the Texas Business and Commerce Code; (d) Chapter 38 of the Texas Civil Practice and Remedies Code; and,

(e) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Horacio Barrios and Jose Jorge Batres, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Law Offices of Marcos & Associates, P.C.

By: _____
Javier Marcos, Jr.
Texas Bar No. 24028925
228 Westheimer Road
Houston, TX 77006
Tel. (713) 528-7711
Fax. (713) 528-7710
Attorney for Plaintiffs
Horacio Barrios and Jose Jorge Batres

NO. _____

| | | |
|---|---|---|
| HORACIO BARRIOS AND JOSE JORGE BATRES<br>Plaintiffs,<br><br>V.<br><br>GREAT AMERICAN ASSURANCE COMPANY AND BAYVIEW LOAN SERVICING, LLC<br>Defendants. | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br>_____ JUDICIAL DISTRICT<br><br><br><br>OF HARRIS COUNTY, TEXAS |

## VERIFICATION FOR SUIT ON SWORN ACCOUNT

BEFORE ME, the undersigned authority, on this day personally appeared Horacio Barrios, who swore on oath that the following facts are true:

"1.     My full name is Horacio Barrios.

"2.     I am at least 18 years of age and am of a sound mind.

"3.     I have care, custody, and control of knowledge concerning the agreement between Plaintiffs and Defendants.

"4.     I hereby aver that the claim Plaintiff's original petition is within the personal knowledge of the affiant, is just and true, and is due by Defendants to Plaintiff and that all just and lawful offsets, payments, and credits to this account have been allowed.

"5.     These records show that a total principal balance of at least $$363,476.65, exclusive of interest, is due and payable by Great American Assurance Company and Bayview Loan Servicing, LLC, Defendants, to Horacio Barrios and Jose Jorge Bartes, and demand for payment was made more than thirty days ago."

_____
Horacio Barrios
Affiant

SIGNED under oath before me on  5/17/2010

*[Notary seal: SHIVA ZAMEN, My Commission Expires November 08, 2012]*

_____
Notary Public, State of Texas

NO. _____

| | | |
|---|---|---|
| HORACIO BARRIOS AND JOSE JORGE BATRES<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| GREAT AMERICAN ASSURANCE COMPANY AND BAYVIEW LOAN SERVICING, LLC<br>Defendants. | § § § § § | OF HARRIS COUNTY, TEXAS |

## VERIFICATION FOR SUIT ON SWORN ACCOUNT

BEFORE ME, the undersigned authority, on this day personally appeared Jose Jorge Bartes, who swore on oath that the following facts are true:

"1.   My full name is Jose Jorge Bartes.

"2.   I am at least 18 years of age and am of a sound mind.

"3.   I have care, custody, and control of knowledge concerning the agreement between Plaintiffs and Defendants.

"4.   I hereby aver that the claim Plaintiff's original petition is within the personal knowledge of the affiant, is just and true, and is due by Defendants to Plaintiff and that all just and lawful offsets, payments, and credits to this account have been allowed.

"5.   These records show that a total principal balance of at least $$363,476.65, exclusive of interest, is due and payable by Great American Assurance Company and Bayview Loan Servicing, LLC, Defendants, to Horacio Barrios and Jose Jorge Bartes, and demand for payment was made more than thirty days ago."

_____
Jose Jorge Bartes, Affiant

SIGNED under oath before me on _8/17/2010_

*[Notary seal: SHIVA ZAMEN, My Commission Expires November 08, 2012, State of Texas]*

_____
Notary Public, State of Texas