UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HORACIO BARRIOS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3511 |
| | § | |
| GREAT AMERICAN ASSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

Pending before the Court is the defendant's, Great American Assurance Company, motion for summary judgment (Docket Entry No. 21). The plaintiffs, Horacio Barrios and Jose Jorge Batres, filed a response (Docket Entry No. 24), to which Great American replied (Docket Entry No. 25). Also pending is the other defendant's, Bayview Loan Servicing, LLC, motion for summary judgment (Docket Entry No. 29), to which the plaintiffs responded (Docket Entry No. 34). After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants both defendants' motions in their entirety.

**II.  Factual Background**

This case concerns a dispute over who is insured by a lender-placed insurance policy covering a commercial property damaged during Hurricane Ike, which is located at 1923 Main Street, Houston, Texas 77002. While the plaintiffs claim co-ownership of the property, Barrios is listed as the mortgagor under a mortgage loan with Bayview. Bayview, in turn, required the plaintiffs to maintain an insurance policy covering potential wind, hail and hurricane damage. When the plaintiffs failed to do so, Bayview arranged for Great American to issue it a lender-

placed insurance policy,[1] which covered the property during all relevant times to protect Bayview's mortgagee interest in the property. Bayview required the plaintiffs to make the monthly payments on this policy. The notice of insurance reflects Batres and Barrios as the mortgagors and Bayview as the insured mortgagee.

On September 13, 2008, Hurricane Ike damaged the property. On March 16, 2009, an insurance adjuster inspected the property, and Great American ultimately paid $40,999.63 towards repairing the property. On August 18, 2010, the plaintiffs filed suit in state court, and the defendants timely removed the suit to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

### III. Contentions of the Parties

#### A. The Plaintiffs' Contentions

The plaintiffs contend that the amount of money that Great American paid towards repairing the property was insufficient to complete the repairs. They assert claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, common law fraud and negligence. They argue that Bayview failed to compel Great American to expend enough money to complete the repairs. They maintain that, although they are not in privity with and lack standing against General American, equitable concerns should allow them to force Great American to perform the duties that it allegedly owes the plaintiffs under the policy.[2]

---

[1] Master Policy No. 5231361.

[2] In the plaintiffs' original petition, they also asserted claims for fraud in a real estate transaction, negligent misrepresentation, suit on sworn account, tortious interference with existing contract and breach of the duty of good faith and fair dealing. However, after the defendants filed their motions for summary judgment, the plaintiffs filed an amended petition, apparently relinquishing those claims. To the extent that the plaintiffs are still attempting to assert a claim for the breach of duty of good faith and fair dealing, the Court will address why that claim fails in Section **V(2)**, *infra*.

### B. The Defendants' Contentions

#### 1. Great American's Contentions

Great American claims that the plaintiffs lack standing to assert any claims against it. It asserts that the plaintiffs' breach of contract, DTPA and Texas Insurance Code claims are barred because they are not named insureds, additional insureds or third-party beneficiaries under the policy. It avers that the plaintiffs' have not alleged facts to support their fraud claim, and that Texas law does not recognize a negligence cause of action against an insurer.

#### 2. Bayview's Contentions

Bayview also contends that the plaintiffs lack standing to bring their claims, and that they cannot establish the requisite elements of their asserted causes of action.

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v.*

*Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus,

"[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court grants both of the defendants' motions for summary judgment in their entirety because it determines that the plaintiffs lack standing to bring suit under the insurance policy. The plaintiffs are not named insureds, additional insureds or intended third-party beneficiaries of the policy. Regarding Great American's motion, the plaintiffs appeal only to equity, conceding that it has no privity with Great American and lack standing, and conceding that Great American's arguments are legally correct. Regarding Bayview's motion, the plaintiffs have cited no legal obligation requiring Bayview to have exerted more effort to force General American to pay the plaintiffs more money under the policy. The Court declines the plaintiffs' invitation to "circumvent the law" due to equitable considerations that, standing alone, are insufficient to survive either defendant's summary judgment motion. This explanation alone is sufficient to find in the defendants' favor, but the following additional reasons undergird the Court's holding.[3]

### 1.     Breach of Contract

The Court grants the defendants' motions regarding the plaintiffs' breach of contract claims. To establish a claim for breach of contract, a plaintiff must show: "[1] the existence of a valid contract, [2] the plaintiff's performance or tendered performance, [3] the defendant's

---

[3] Great American objects to portions of the plaintiffs' narration of relevant facts and to some of their proffered summary judgment evidence. Ruling completely in Great American's favor on its summary judgment motion, the Court dismisses its objections as moot.

breach of the contract, and [4] damages as a result of the breach." *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 674-75 (Tex. App. – Beaumont 2005, no pet.) (citing *Sullivan v. Smith*, 110 S.W.3d 545, 546 (Tex. App. – Beaumont 2003, no pet.).

Regarding Great American, its contractual obligations are limited to its named insured: Bayview. The plaintiffs are not listed as insureds or additional insureds in the policy between Great American and Bayview.[4] Without a valid contract between Great American and the plaintiffs, the plaintiffs' cannot establish any element of this claim against it. *See Trahan*, 179 S.W.3d at 674-75 (citing *Sullivan*, 110 S.W.3d at 546). Regarding Bayview, the only known contract between it and the plaintiffs is the underlying promissory note secured by a deed of trust on the property, and the plaintiffs have neither asserted a breach of that note or deed, nor established any element of a breach of contract claim regarding those documents.

Nor are the plaintiffs third-party beneficiaries of the policy. To qualify as a third-party beneficiary of an insurance contract, a plaintiff must prove that: (1) it was not privy to the contract; (2) the contract was made at least in part for its benefit; and (3) the contracting parties intended to benefit the plaintiff by their contract. *Talman Home Fed. Sav. & Loan Ass'n of Illinois v. American Bankers Ins.*, 924 F.2d 1347, 1350 (5th Cir. 1991) (internal citations omitted). Furthermore, Texas law has a presumption against third-party beneficiaries. *See First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 929 (Tex. App. – Dallas 2005, no pet.) (citing *Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156

---

[4] The policy lacks any endorsement making the plaintiffs named insureds. The mortgage protection insurance form, to which the defendants alone are parties, specifies that:
> Irrespective of any other party having an insurable interest in the property [Great American] shall not be liable for more than [Bayview's] interest in the property unless the other party has been named by [Great American] as an Additional Insured under the policy . . . [Great American] shall not be liable for more than the amount of loss regardless of the number of parties insured under the policy.

And although the policy has an "additional insured – loss payee endorsement," that endorsement does not designate the plaintiffs as additional insureds either. In short, nowhere in the policy is the definition of "insured" expanded to include the plaintiffs.

S.W.3d 188, 192-93 (Tex. App. – Dallas 2005, pet. denied)).  In deciding whether a third party may enforce or challenge a contract between others, it is the contracting parties' intent (not that of the claimed beneficiary) that controls.  *First Union Nat'l Bank*, 168 S.W.3d at 928-29 (citing *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 955 S.W.2d 647, 651 (Tex. 1999)). "If there is any reasonable doubt as to the intent of the contracting parties to confer a direct benefit on the third party, then the third-party beneficiary claim must fail."  *First Union Nat'l Bank*, 168 S.W.3d at 929 (citing *Dallas Firefighters Ass'n*, 156 S.W.3d at 192-93).

The plaintiffs cannot establish themselves as third-party beneficiaries because they cannot show that either defendant intended to secure a benefit for the plaintiffs and that the defendants contracted directly for that benefit.  *See Talman*, 924 F.2d at 1350.  To the contrary, the policy expressly states that the plaintiffs are not intended third-party beneficiaries because it specifies that "[u]nless specifically added by endorsement, the mortgagor is not an Insured under the policy." Therefore, the Court grants both defendants' motions on the breach of contract issue.

### 2. DTPA and Texas Insurance Code

The Court also grants both defendants' motions regarding the plaintiffs' DTPA and Texas Insurance Code claims. "To maintain a DTPA cause of action, the claimant must establish that (1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App. – Ft. Worth, 2007, writ denied) (citing, *inter alia*, TEX. BUS. & COM. CODE § 17.50(a)).

Regarding the first element, a "consumer" under the DTPA is an individual "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor service." *Fix*, 242 S.W.3d at 160 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173-74 (Tex. 1980)); *see also, Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006). The plaintiffs are not DTPA "consumers" with respect to either defendant. The plaintiffs have no direct contractual relationship with Great American, and their relationship with Bayview is as a mortgagor under a commercial mortgage loan. Therefore, the plaintiffs cannot establish the first element of a DTPA violation.

Regarding the second element, even assuming *arguendo* that the plaintiffs were DTPA consumers, they have still proffered insufficient evidence that Great American or Bayview engaged in any "false, misleading or deceptive act or practice" or in an "unconscionable action or course of action." TEX. BUS. & COM. CODE §§ 17.46(b), 17.50(a). Regarding the third element, the plaintiffs have alleged damages, but they have failed to show a causal relationship between those alleged damages and either defendant's actions. Therefore, the Court grants summary judgment on their DTPA claims.

Likewise, the plaintiffs' Texas Insurance Code claims fail because, as shown above, they are not named insureds, additional insureds or third-party beneficiaries. At most, they are third-party claimants, and Texas Insurance Code claims are unavailable to third-party claimants. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 384 n.1 (Tex. 2000). "'[A] third-party claimant has no contract with the insurer or the insured, . . . has no legal relationship to the insurer . . . [and] has no basis upon which to expect or demand the benefit of the extra-contractual

obligations imposed on insurers under [Texas Insurance Code § 541].'" *Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 220 (Tex. App. – Houston [1st Dist.] 2004) (quoting *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994)). Accordingly, a third-party claimant has no direct cause of action against an insurer for unfair claim settlement practices. *See Allstate*, 876 S.W.2d at 146.

Bayview is not an insurer, and even if Great American breached the policy, the breach of an insurance policy does not automatically give rise to liability under the DTPA or Texas Insurance Code § 541. Rather, claims under the DTPA and Section 541 require the same predicate for recovery as a bad faith cause of action. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (internal citations omitted). To recover for such a bad faith claim, a plaintiff must prove that a defendant: "[1] had no reasonable basis for denying or delaying payment of a claim, and [2] the insurer knew or should have known that fact." *Perrotta v. Farmers Ins. Exch.*, 47 S.W.3d 569, 575 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (internal citations omitted). However, "[w]hen the underlying claim upon which an insured's extra-contractual claims are premised is found to have been properly denied, . . . his extra-contractual claims necessarily fail." *Perrotta*, 47 S.W.3d at 575 (internal citation omitted).[5] Furthermore, insurers do not owe a duty of good faith and fair dealing to third-party claimants. *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 317 (Tex. 1994).

The plaintiffs cannot establish either element of a bad faith claim against either defendant. The plaintiffs are not parties to the policy and are thus legally incapable of proving that either defendant had a clear liability regarding nonexistent duties owed to the plaintiffs. The

---

[5] The possibility of bad faith absent breach of contract is limited to instances when the insurer, in denying the claim, commits an act so extreme that an injury occurs to the insured that is clearly independent of the policy claim. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995). The plaintiffs have offered insufficient proof of such extreme conduct here.

plaintiffs cannot establish a bad faith cause of action, and therefore they cannot sustain a DTPA or Insurance Code violation either. Accordingly, the Court grants both defendants' motions regarding these claims.

### 3. Fraud

The Court grants the defendants' motions regarding the plaintiffs' fraud claims. To prove a claim for fraud, the plaintiffs must establish that:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false, or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho la Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009).

The plaintiffs have not proffered any evidence that they relied on a material misrepresentation made by Great American to induce them into any action that caused them injury. Nor have the plaintiffs shown that Bayview made any representations to them regarding either the claim adjustment or the repairs to the property. Accordingly, they fail to establish any essential element of their fraud claim against either defendant.[6]

### 4. Negligence

The Court grants the defendants' motions regarding the plaintiffs' negligence claims. To establish a claim for negligence, the plaintiffs must show that: (1) the defendants owed the plaintiff a legal duty; (2) the defendants breached that duty; (3) the plaintiffs suffered injury; and (4) that the defendants' breach was the proximate cause of that injury. *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (internal citations omitted). However,

---

[6] The plaintiffs contend that Bayview's alleged fraud was committed via "a blatant non-disclosure" of material facts concerning the policy. However, the first page of the policy and the notice of insurance list Bayview, not the plaintiffs, as the insured. The latter document also states that "coverage may not meet the mortgagor's insurance needs."

Texas does not recognize a cause of action against an insurer or agent for common law negligence, because the breach of the duty of good faith and fair dealing is the only common law cause of action against an insurer. *Universe Life Ins. Co. v. Giles*, 881 S.W.2d 44, 53 n.6 (Tex. App. – Texarkana 1994), aff'd in relevant part, 950 S.W.2d 48 (Tex. 1997) (internal citations omitted).

Accordingly, even if the plaintiffs could show that Great American was their insurer, their negligence claim against it fails as a matter of law because that cause of action is not recognized in Texas. *See Universe Life Ins. Co.*, 881 S.W.2d at 53 n.6. Regarding Bayview, the plaintiffs fail to identify any particular legal duty that Bayview owed and yet failed to perform. In short, the policy was between the two defendants, and the plaintiffs' alleged grievances are legally irrelevant to that policy. Thus, the Court grants the defendants' motions.

**VI.   Conclusion**

Based on the foregoing discussion, the Court GRANTS both of the defendants' summary judgment motions in their entirety. All relief not expressly granted is denied.

It is so **ORDERED**.

SIGNED at Houston, Texas this 16th day of August, 2011.

_____
Kenneth M. Hoyt
United States District Judge